UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH JAY LANE, INC.          :

                Plaintiff,          :          **REPORT AND RECOMMENDATION**

           -against-          :          03 Civ 2132 (GBD)(KNF)

HEAVENLY APPAREL, INC.,          :

                Defendant.          :
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff, Kenneth Jay Lane, Inc. ("KJL") brought this action against Heavenly Apparel, Inc. ("Heavenly") to recover damages for: (i) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051 et seq.; (ii) unfair competition in violation of federal law; (iii) common law unfair competition, in violation of the laws of the United States and the state of New York; and (iv) breach of the parties' license agreement ("License Agreement").

Upon Heavenly's failure to file an answer or otherwise respond to the complaint, your Honor ordered that a default judgment be entered against it. Thereafter, your Honor referred the matter to the undersigned to conduct an inquest and to report and recommend the amount of damages, if any, to be awarded against the defendant.

The Court directed KJL to serve and file proposed findings of fact and conclusions of law, and an inquest memorandum setting forth its proof of damages, costs of this action, and its

1

attorneys' fees. The Court also directed the defendant to serve and file any opposing memoranda, affidavits and exhibits, as well as any alternative findings of fact and conclusions of law it deemed appropriate. The defendant did not file anything in opposition to KJL's submissions.

KJL's submissions aver that it is entitled to recover: $331,250 for damages it suffered as a result of the defendant's breach of the License Agreement; $48,517.22 in interest; and $17,151.37 for attorneys' fees and costs. In addition, the plaintiff requests statutory damages of not more than $3,000,000, due to the defendant's willful infringement of the plaintiff's trademarks.

## II. BACKGROUND

When a defendant, like Heavenly, defaults in an action, by failing to plead or otherwise defend against a complaint, the defendant is deemed to have admitted every well-pleaded allegation of the complaint except those relating to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In addition, the plaintiff is entitled to all reasonable inferences from the evidence presented. See Au Bon Pain Corp. v. Artect, Inc., et al., 653 F.2d 61, 65 (2d Cir. 1981). Based upon the submissions made by the plaintiff, the complaint filed in the instant action, and the Court's review of the entire court file in this action, the following findings of fact are made:

KJL designs women's clothing and accessories. Clothing and accessories bearing the plaintiff's tradenames and trademarks are sold in the United States and abroad under license. In the instant case, the parties entered into the License Agreement on or about February 19, 2002. Based on that agreement, the defendant was permitted to use certain KJL trademarks and

2

tradenames ("licensed material"),[1] during the period February 19, 2002, through June 30, 2005. In return, Heavenly was required to make quarterly royalty payments to the plaintiff, as described below. If Heavenly failed to meet its obligations under the License Agreement, KJL had the right to terminate the agreement.

The License Agreement includes the following relevant provisions: (1) Heavenly agrees to pay a royalty of the greater of 5% of its net sales of products using the licensed material, or guaranteed minimum fees of $75,000 for the first year, $125,000 for the second year, and $150,000 for the third year[2]; (2) if Heavenly fails to make royalty payments as due, KJL has the right to terminate the License Agreement, and pursuant to an acceleration clause, receive all past due royalty payments and all royalty payments that would become due during the entire term of the License Agreement; (3) upon default, KJL may terminate the License Agreement thirty days after notifying Heavenly of the default, should Heavenly fail to cure the default; (4) upon termination of the License Agreement, Heavenly is required to discontinue using the licensed material and return all licensed material to KJL; and (5) if Heavenly breaches the License Agreement, Heavenly is required to pay KJL interest on the amount of royalties due, and to pay

---

[1] The plaintiff is the owner and the registrant of the following trademarks which are the subject of the instant action: 1) "KENNETH JAY LANE" registration number 2,208,711, dated December 8, 1998; 2) "KJL" registration number 2,193,798, dated October 6, 1998; and 3) "KENNETH JAY LANE (and design)" registration number 2,218,526, dated January 19, 1999.

[2] The License Agreement provides for quarterly payments of the requisite fees during the first year of the agreement as follows: $9,375 on the date the agreement is signed, then $9,375 on April 30, 2002, $18,750 on October 1, 2002, January 1, 2003, and April 1, 2003. During the second year of the agreement, the payments were to be made as follows: $31,250 on July 1, 2003, October 1, 2003, January 1, 2004, and April 1, 2004. During the third year of the agreement, the payments were to be made as follows: $37,500 on July 1, 2004, October 1, 2004, January 1, 2005, and April 1, 2005.

KJL's legal fees and KJL's expenses.

On October 1, 2002, the defendant failed to pay KJL $18,750, the minimum guaranteed royalty fee due to the plaintiff. The plaintiff notified the defendant of its default on December 6, 2002, and allowed the defendant thirty days to cure the default. After the defendant failed to cure the default, the plaintiff terminated the License Agreement on January 6, 2003.

By failing to make the past due royalty payment, or to make any other payments that became due to KJL as a result of Heavenly's default, the defendant breached its contract with KJL. The defendant also breached the parties' License Agreement by: 1) failing to provide an accounting to KJL, as required by the parties' agreement; and 2) failing to return to KJL the licensed material upon the termination of the parties' agreement. According to KJL, the defendant continues to use the licensed marks and represents that its use of such marks is authorized by the plaintiff.

### III. CONCLUSIONS OF LAW

A default judgment in an action establishes liability, but is not a concession of damages. See Cappetta v. Lippman, 913 F. Supp. 302, 304 (S.D.N.Y. 1996) (citing Flaks v. Koegel, 504 F.2d 702, 707 [2d Cir. 1974]). Damages must be established by the plaintiff in a post-default inquest. See id. In conducting an inquest, the court need not hold a hearing "as long as it [has] ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). The court may rely on affidavits or documentary evidence in evaluating the fairness of the sum requested. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).

KJL seeks damages, costs and attorneys' fees from Heavenly for: (i) breaching the parties' License Agreement; and (ii) violating federal trademark law and federal and state unfair competition laws.[3]

*1. Breach of Contract Claim Under New York Law*

The proper measure of damages for breach of contract is the amount necessary to put the plaintiff in as good a position as he would have been if the defendant had not breached the contract. See Western Geophysical Co. of America, Inc. v. Bolt Assoc., Inc. 584 F.2d 1164, 1172 (2d Cir. 1978); Goodstein Constr. Corp. v. City of New York, 80 N.Y.2d 366, 373, 590 N.Y.S.2d 425, 429 (1992).

The plaintiff's complaint and inquest submissions establish that the parties entered into the License Agreement on or about February 19, 2002. That agreement permitted the defendant to use certain KJL trademarks; in return, the defendant was required to make quarterly royalty payments to the plaintiff. On October 1, 2002, the defendant failed to pay $18,750 that was due to the plaintiff under the terms of the parties' agreement. The defendant's failure to pay the plaintiff this sum constituted a default of the License Agreement. KJL notified the defendant of its default and waited the requisite period of time, provided for in the parties' License Agreement, for the defendant to cure the default. The default was not cured. As a result of the defendant's failure to cure its breach of the License Agreement, the plaintiff is entitled to recover the past due payment of $18,750. Furthermore, under the terms of the parties' License Agreement, the defendant agreed that, upon a default, it would pay, in an accelerated fashion, all

---

[3]The submissions on damages made by KJL do not contain information respecting the damages, if any, to which KJL believes it is entitled under state unfair competition laws.

royalty payments due under the License Agreement. Therefore, KJL is entitled to an award of $312,500 in addition to the amount noted above. This amount represents the minimum amount of royalty payments to which KJL would have been entitled during the entire term of the parties' contract. In sum, the plaintiff is entitled to damages of $331,250 on its breach of contract claim.

*A. Attorney's Fees, Costs, and Interest*

"Under the general rule in New York, 'attorneys' fees are incidents of litigation and a prevailing party may not collect them from the losing party unless such an award is authorized by agreement between the parties, statute or court rule.'" Bonnie & Co. Fashions v. Bankers Trust Co., 955 F. Supp. 203, 217 (S.D.N.Y. 1997) (quoting Bourne Co. v. MPL Communications, Inc., 751 F. Supp. 55, 57 [S.D.N.Y. 1990]). However, "the intent to provide for counsel fees [by agreement between the parties] as damages for breach of contract must be 'unmistakably clear' in the language of the contract." Id. (alteration in original) (citing Bridgestone/Firestone, Inc. v. Recovery Credit Svcs., Inc., 98 F.3d 13, 20-21 [2d Cir. 1996]).

In the instant case, the plaintiff is entitled to attorneys' fees and costs because the express language of the contract between KJL and Heavenly places this obligation on the defendant clearly and unmistakably, in the event of a breach of the contract by Heavenly. The License Agreement states in pertinent part:

> Licensor shall have and hereby reserves all the rights and remedies which it has, or which are granted to it by operation of law, with respect to the collection of fees payable by the Licensor pursuant to this Agreement, with respect to damages for breach of this Agreement by Licensee, with respect to the recovery from Licensee of all costs incurred by Licensor as a result of any breach of this Agreement by Licensee, including without limitation all legal fees . . . .

License Agreement ¶ 11(e).

A party seeking an award of attorneys' fees must support the request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). Attorney fee applications that do not contain such supporting data "should normally be disallowed." Id. at 1154.

Although, KJL is entitled to attorneys' fees by virtue of the express language of the License Agreement, KJL failed to provide the Court with any basis for determining the reasonableness of the attorneys' fees it seeks. In particular, KJL failed to provide the Court with contemporaneous time records, showing for each attorney, the date, the hours expended, and the nature of work that was performed for KJL in connection with this action. See New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1154. Therefore, no award to KJL of its attorneys' fees is warranted. KJL also failed to identify its costs with particularity. Therefore, the Court is unable to determine whether the costs it incurred were reasonable. Consequently, no award to KJL for its costs is warranted.

KJL has requested an award of prejudgment interest on the amount of unpaid royalties it seeks. KJL contends that prejudgment interest should be calculated from January 6, 2003, at an annual rate of 9%, pursuant to New York's Civil Practice Law and Rules ("CPLR") § 5004. CPLR § 5001(a) provides that interest shall be granted on damages resulting from a breach of contract, and CPLR § 5004 fixes the rate at which that interest is to be calculated on an annual basis. Therefore, the plaintiff is entitled to prejudgment interest, at the statutory rate of 9% per year, calculated from January 6, 2003.

The plaintiff has also requested an award of postjudgment interest. 28 U.S.C. § 1961 informs that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Interest is calculated from the date of the entry of judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week proceeding the date of the judgment. Id. Therefore, KJL is entitled to postjudgment interest, at the rate prescribed by statute, calculated from May 3, 2004, the date the default judgment was entered.

*2. Claims Under the Lanham Act*

Under the Lanham Act, a prevailing plaintiff in an action such as the one at bar, is generally entitled to recover: (1) the defendant's profits; (2) any damages sustained by the plaintiff; and (3) the costs of the action. See 15 U.S.C. § 1117.

KJL seeks damages for trademark infringement under 15 U.S.C. § 1114. In its most pertinent part, the statute provides that:

> Any person who shall, without the consent of the registrant-- (a) use in commerce any reproduction, counterfeit . . . of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. 1114(1)(a).

KJL also seeks damages for unfair competition under 15 U.S.C. § 1125. That statute provides, in relevant part, the following:

> Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--(A) is likely to cause confusion, or to

8

> cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

The plaintiff requests, pursuant to 15 U.S.C. § 1117, that the court award up to $1,000,000 for each of the three marks used improperly by the defendant. KJL seeks an award of this magnitude because it contends that Heavenly violated the trademark law willfully. 15 U.S.C. § 1117 allows a plaintiff to elect to recover statutory damages for infringing conduct when an infringer's profits and actual damages are uncertain. 15 U.S.C. § 1117 provides, in pertinent part, the following:

> In a case involving the use of a counterfeit mark . . . the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages . . . in the amount of (1) not less than $ 500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $ 1,000,000 per counterfeit mark . . . .

15 U.S.C. § 1117(c).

In crafting the statutory damages provision of the Lanham Act noted above, Congress took into account that oftentimes, "counterfeiters' records are nonexistent, inadequate or deceptively kept in order to willfully deflate the level of counterfeiting activity actually engaged in, making proving actual damages in these cases extremely difficult if not impossible." Polo Ralph Lauren, L.P. v. 3M Trading Co., Inc., No. 97 Civ. 4824, 1999 WL 33740332, at *4

9

(S.D.N.Y. April 19, 1999) (citation omitted); see also Sara Lee Corp. v. Bags of New York, Inc., 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999) ("Statutory damages are most appropriate when infringer nondisclosure during fact finding leaves damages uncertain.").

15 U.S.C. § 1117(c) "does not provide guidelines for courts to use in determining an appropriate award, as it is only limited by what the court considers just." Gucci Am., Inc. v. Duty Free Apparel, Ltd., 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) (internal quotation marks omitted). However, courts have looked to an analogous provision of the Copyright Act, 17 U.S.C. § 504(c), through which statutory damages for willful infringement may be awarded, for assistance in determining what factors should inform an award of statutory damages pursuant to 15 U.S.C. § 1117(c). Those factors include:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. See Gucci, 315 F. Supp. 2d at 520 (citing Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., 807 F.2d 1110, 1117 [2d Cir. 1986] (internal quotation marks omitted).

In the case at bar, Heavenly's willfulness, in violating the trademark law, is established by virtue of its default in this action. See Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003). In considering the various factors noted above, the Court has remained mindful of the fact that, in determining an appropriate amount of statutory damages, a court must strive to ensure that the amount fixed will act as a specific deterrent to the defendant(s) before the court and as a general deterrent to others who might consider engaging in infringing conduct in the future. The plaintiff contends that these aims will best be achieved by an award to it of

10

statutory damages that approaches the maximum amount permitted by 15 U.S.C. § 1117(c), $1,000,000 per mark infringed. However, KJL has not provided the Court with any information about Heavenly's business, the market in which Heavenly sold or is continuing to sell the counterfeit products, or any estimate of the volume of products bearing the plaintiff's marks sold by the defendant. Without information of this type, the Court cannot conclude that an award of statutory damages at or near the maximum permitted by law is reasonable, appropriate and just. In the circumstance of this case, the Court finds that an award of statutory damages of $125,000 per infringed mark will impress upon Heavenly that there are consequences for its misconduct. In addition, statutory damages of this amount will serve as a specific deterrent to Heavenly and as a general deterrent to others who might contemplate engaging in infringing behavior in the future.

KJL has requested that the court award it the attorneys' fees it incurred in prosecuting this infringement action. In "exceptional cases," reasonable attorneys' fees may be awarded to a successful plaintiff in an action brought pursuant to the Lanham Act. See 15 U.S.C. § 1117(a). An exceptional case is one in which there is evidence of fraud, bad faith or willful infringement. See Twin Peaks Productions, Inc. v. Publications Int'l, Ltd., 996 F.2d 1366, 1383 (2d Cir. 1993); Sara Lee Corp., 36 F. Supp. 2d at 170. As noted above, the defendant's infringement has been deemed willful by virtue of its default in this action. Therefore, the Court finds that an award to KJL of reasonable attorneys' fees is warranted. However, as discussed earlier in this writing, the plaintiff has not provided the Court with sufficient information concerning its attorneys' fees, so that the Court might determine the reasonableness of the attorneys' fees KJL incurred. See New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1154. In circumstances where the requisite data concerning attorneys' fees have not been provided to a court, an award of

attorneys' fees is not appropriate.

## IV. RECOMMENDATION

For the reasons set forth above, the Court recommends that KJL be awarded: (a) $331,250 in damages for breach of contract, along with prejudgment interest calculated by the Clerk of Court at the rate of 9% per year, from January 6, 2003; and (b) $375,000 in statutory damages for trademark infringement. The plaintiff should also receive postjudgment interest, calculated by the Clerk of Court from May 3, 2004, in accordance with 28 U.S.C. § 1961.

The plaintiff shall serve Heavenly with a copy of this Report and Recommendation, and submit proof of service to the court.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, United States District Judge, 40 Centre Street, Room 410, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993);

Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1998); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      November 17, 2005

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copy to:

Jonathan P. Wolfert, Esq.
Kaplan, Thomashower & Landau
26 Broadway, 20th Floor
New York, NY 10004-1898